IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH KEITH, # 037204, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:09-CV-0199-M |
| | ) | (consolidated with |
| SHERIFF LESLEY COTTON, et al., | ) | 3:09-CV-0273-M) |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights complaint brought by a pre-trial detainee pursuant to 42 U.S.C. § 1983. As set out more fully below, the court treats this action as a petition for writ of habeas corpus.[1]

Parties: Plaintiff Kenneth Keith is presently confined at the Navarro County Justice Center in Corsicana, Texas. Defendants are Sheriff Lesley Cotton and Corsicana Police Officers Paul Jock, Roderick Tyner, and Trent Parker.

The court did not issue process in this case pending preliminary screening. On February

---

[1] Plaintiff Kenneth Keith initially filed a civil rights action along with fellow inmates Rodney Sneed and Tarrence Green, challenging their pre-trial confinement and excessive bonds. *See Sneed et al. v. Cotton et al.*, 3:08cv2273-G (N.D. Tex., Dallas Div. filed on December 24, 2008). On January 29, 2009, the court dismissed Keith and Green without prejudice from the 2008 case. *Id.* Keith then filed an *in forma pauperis* motion and complaint in separate cases, which were subsequently consolidated under the above captioned cause number. Green also filed his own action. *See Green v. Mayfield, et al.*, 3:08cv2287-L (N.D. Tex., Dallas Div. filed on Dec. 30, 2008) (dismissed for failure to state a claim).

20, 2009, the magistrate judge issued a questionnaire to Plaintiff, who filed his answers thereto on March 12, 2009.

Statement of Case: Keith's complaint alleges constitutional violations stemming from his pretrial confinement and inability to post a high bond in Cause No. 31504-CR, presently pending against him in Navarro County.  Keith contends that he has been incarcerated for over one year awaiting trial without any bond reduction.  He further contends that he has "no chance for a fair trial" and that the information gathered by the police informant was incorrect.  Keith requests release from confinement on a reasonable bond, and compensation for his alleged illegal confinement and civil rights violations by the defendant police officers.

Findings and Conclusions: A challenge to the reasonableness of a pre-trial bond is cognizable only in a habeas corpus action after exhaustion of state court remedies.  The court construes Keith's claim challenging his pre-trial bond and requesting to be released from confinement as a pre-trial petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241(c), which applies to persons in custody awaiting trial who have not yet been convicted. *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (citing *Ojo v. INS*, 106 F.3d 680, 681 (5th Cir. 1997), *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987), and *Robinson v. Wade*, 686 F.2d 298, 302-03, 303 n. 8 (5th Cir. 1982)); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973).[3]

In order to be eligible for pre-trial habeas relief pursuant to 28 U.S.C. § 2241, a petitioner must have been "in custody" at the time of filing the action, and must have exhausted his

---

[3] Section 2241(c) provides in relevant part that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . (3) [h]e is in custody in violation of the constitution or laws or treaties of the United States."

available state court remedies. *Braden*, 410 U.S. at 488-89; *Dickerson*, 816 F.2d at 224.[4]

While Petitioner satisfies the "in custody" requirement, he cannot satisfy the exhaustion requirement. The remedy available on a claim of excessive bail is via a writ of habeas corpus filed in the state court in which the criminal case is pending. *Ex parte Tucker,* 977 S.W.2d 713, *715 (Tex. App. -- Fort Worth, 1998) (citing *Ex parte Gray,* 564 S.W.2d 713, 714 (Tex. Crim. App. 1978) (proper method to challenge excessiveness of bail prior to trial is by application for writ of habeas corpus)). In the event of a denial, an appeal may be brought in the Texas Court of Criminal Appeals.

Keith has not exhausted his state court remedies. He claims filing a pretrial application for habeas corpus relief over three or four months ago, of which he knows neither the case number nor its current status. (Answer to Questions 6-7 and attachment). Moreover, a deputy clerk at the Navarro County District Court Clerk's Office advised the office of the undersigned magistrate judge that no such application had been filed in Keith's criminal case. Accordingly, any request for habeas relief should be dismissed without prejudice for failure to exhaust state court remedies.[5]

---

[4] It is only in the post-trial setting that exhaustion is mandated by statute. *Compare* 28 U.S.C. § 2254(b) with 28 U.S.C. § 2241(c)(3). Despite the absence of an exhaustion requirement in § 2241(c)(3), a body of case law has developed holding that federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *See Dickerson*, 816 F.2d at 225. *See also Braden*, 410 U.S. at 489-92; *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976). This exhaustion doctrine was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process. *See Dickerson*, 816 F.3d at 225; *Braden*, 410 U.S. at 490-91.

[5] The deputy clerk noted that Keith's criminal case had been set to go to trial on March 31, 2009, but that it was postponed.

In addition to habeas relief, Keith requests monetary compensation for his "illegal confinement" and generalized civil rights violations. (Complaint at 3). These claims lack an arguable basis in law and should be dismissed with prejudice as frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) (authorizing screening and summary dismissal of *in forma pauperis* actions and certain actions filed by prisoners).

Plaintiff does not allege any personal involvement on the part of the Navarro County Sheriff with respect to the alleged illegal confinement caused by the excessive bail. *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005) (personal involvement is a pre-requisite to § 1983 liability); *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). Moreover, it is unclear how the defendant police officers violated Plaintiff's civil rights. The complaint merely alleges that "all [the evidence the] informant had gathered in the sting [operation] doesn't belong" to the Plaintiff. (Complaint at 4).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's challenge to his pre-trial confinement, construed as a request for habeas corpus relief, be DISMISSED without prejudice for failure to exhaust state court remedies.

It is further recommended that Plaintiff's claim for monetary damages be DISMISSED

with prejudice as frivolous.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

    A copy of this recommendation will be mailed to Plaintiff.

    Signed this 6th day of April, 2009.

                                            WM. F. SANDERSON, JR.
                                            UNITED STATES MAGISTRATE JUDGE

### NOTICE

    In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.